Argued and submitted May 30, reversed and
remanded for a new trial July 21, 1980

STATE OF OREGON,
*Respondent,*

*v.*

HERBERT DARNELL BROWN,
*Appellant.*

(No. C 79-04-31134, CA 15935)

613 P2d 1107

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. On the brief

were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Melinda L. Bruce, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction of driving while his operator's license was suspended, a felony, ORS 487.560. He assigns as error the denial of his motion to suppress all evidence obtained by the police officer after stopping the vehicle defendant was driving. He also contends that his motion for mistrial should have been granted.

■ The evidence respecting the motion to suppress discloses the following sequence of events. On March 15, 1979, Police Officer Jones stopped the vehicle defendant was driving. Jones determined that defendant's operator's license was suspended and arrested defendant for driving while suspended. Defendant was tried on that offense and his motion to suppress evidence that his driver's license was suspended was granted on the ground that the stop of his vehicle was illegal. On April 5, 1979, Officer Jones observed defendant driving a motor vehicle. Because he was aware that defendant's operator's license was suspended, he stopped defendant's vehicle and defendant was arrested for driving while suspended. It was stipulated that the only basis for the stop on April 5, 1979, was the officer's knowledge of defendant's driver's license status obtained as a result of the previous illegal stop.

Defendant argues that the use of Officer Jones' knowledge, which was illegally obtained, constitutes the fruits of an illegal search, *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963).

In *State v. Garrison,* 21 Or App 155, 534 P2d 210, *rev den* (1975), we discussed the "inevitable discovery" exception to the fruit of the poisonous tree doctrine and said:

"* * * fruit of the unlawful evidence is not inadmissible under the 'fruits' doctrine where it is shown

that such evidence inevitably would have been gained from an independent source. * * *" 21 Or App at 157.

*See also* ORS 133.683. The status of a person's operator's license is a public record kept by the Motor Vehicles Division. The officer had an independent source of information regarding defendant's license. The motion to suppress was properly denied.

■ The state concedes that defendant's motion for mistrial should have been allowed. We agree.

Reversed and remanded for a new trial.