## STATE OF OREGON,
*Respondent,*

*v.*

## MASON PACKER,
*Appellant.*

(M397041; CA A31534)

696 P2d 1163

Christine A. Prescott, Aloha, argued the cause and filed the brief for appellant.

Jeffrey Bennett, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this traffic case, defendant was charged with failure to perform the duties of a driver involved in an accident, failure to yield the right of way and misuse of license. He was found guilty only on the misuse of license charge and now appeals, claiming that he should have been acquitted on that charge, as well. We affirm.

After the accident in question, defendant left the scene but returned a short time later. When questioned by police, who concluded that he was the driver of one of the cars, defendant gave a false name. Defendant's ensuing conviction for misuse of license was based on ORS 482.610(4), which provides:

"No person knowingly shall commit any of the following acts:

"* * * * *

"(4)  Use or give a false or fictitious name, address or date of birth *to any police officer for any violation of the motor vehicle laws.*" (Emphasis supplied.)

On appeal, defendant assigns as error the trial court's failure to instruct the jury that, to be convicted for misuse, he must first have committed some other violation of the motor vehicle laws. The state's response is that the misuse statute is violated by anyone who gives a false name to an officer investigating a violation of the motor vehicle laws, not just by a person cited for a traffic offense who does so. This includes, it argues, witnesses and passengers who have information connected with the violation as well as the violator being cited by police. We find the policy served by the law, gleaned from the statute's history and its relationship with other provisions of the motor vehicle code, to be neither that for which the state nor that for which defendant argues.

The legislative history indicates that the statute was intended to give authorities some recourse against a driver who, after being stopped for a traffic citation, give the police officer a false name. *See* House Committee on Judiciary, Minutes April 21, 1977, p 3. The fact that a defendant is ultimately acquitted of other charges does not diminish his duty to provide the police with correct identification for investigation of a violation of the motor vehicle laws; the

misuse statute is violated at the time the false information is given. We hold that the statue was designed to make criminal the giving of false information to a citation-issuing officer, regardless of the ultimate outcome of the case. *See* House Committee on Judiciary, Minutes, *supra.*

■ Defendant's construction of the misuse statute is too narrow and the state's reading is much too broad, considering the policy behind the statute. The state would have the statute apply to anyone being questioned by police investigating a motor vehicle violation. Such an expansive reading is not supported by the legislative history, and we decline to adopt it. We hold that the misuse statute, ORS 482.610(4), is violated when the person being cited for a violation of the motor vehicle laws gives a fictious name to the issuing officer. The trial court did not err in refusing to give defendant's requested instruction.

Defendant's other two assignments of error do not require discussion.

Affirmed.