Argued and submitted December 18, 1985, affirmed April 23, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM LEE JENSEN,
*Appellant.*

(45376; CA A36922)

717 P2d 1263

Hugh B. Webb, McMinnville, argued the cause for appellant. With him on the brief was Cummins, Cummins, Brown & Goodman, McMinnville.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

WARDEN, J.

**WARDEN, J.**

Defendant appeals his conviction for misuse of a driver's license, *former* ORS 482.610(4),[1] claiming that the statute does not apply, because he was not cited for a violation of the motor vehicle laws. We affirm.

On July 3, 1985, Officer Edgell received information that defendant's license was suspended and that a warrant for his arrest had issued for failure to appear on a charge of driving while suspended. Edgell took the arrest warrant to defendant's place of employment and was informed that he was out to lunch but would return shortly. He obtained a description of defendant's car and, when a car matching that description appeared, stopped it and confirmed that the driver matched the description on the warrant. When asked for his driver's license, defendant stated that he did not have it with him and gave Edgell a false name. Edgell read defendant his *Miranda* rights. Defendant then gave his true name. Edgell informed him that he would be cited either for driving while suspended or for giving a false name. Defendant stated a preference for the latter, and Edgell cited him for giving a false name (misuse of a driver's license). He then arrested him on the arrest warrant.

At the time defendant was cited, *former* ORS 482.610(4) provided:

"No person knowingly shall commit any of the following acts:

"* * * * *

"(4)   Use or give a false or ficticious name, address or date of birth to any police officer for any violation of the motor vehicle laws."[2]

Relying on *State v. Packer*, 72 Or App 677, 696 P2d 1163

---

[1] *Repealed by* Or Laws 1983, ch 338, § 978.

[2] The current counterpart to *former* ORS 482.610(4) is ORS 807.620, which provides:

"(1)   A person commits the offense of giving false information to a police officer if the person knowingly uses or gives a false or ficticious name, address or date of birth to any police officer who is enforcing the motor vehicle laws.

"(2)   The offense described in this section, giving false information to a police officer, is a Class A misdemeanor."

(1985), defendant argues that, in order to be convicted under ORS 482.610, he must have been issued a citation for some other violation of the motor vehicle laws when he gave a false name to Edgell. Edgell arrested defendant on the warrant for failure to appear but gave him no citation for any violation other than for misuse of a driver's license.

■ Defendant misconstrues *Packer*. The opinion refers to the "citation-issuing officer" and the "person being cited for a violation." That language was appropriate, because it described the facts in the case. A citation was issued. We did not purport to answer the question of whether the issuance of a citation for a motor vehicle violation is a prerequisite to a conviction for misuse of a driver's license. We held that the statute applies to a driver who is being cited for a motor vehicle violation, but not to passengers or witnesses who have information about the violation. We now decide that a citation for a motor vehicle violation need not be given at the time of the stop in order to support a conviction for misuse of a driver's license.

We stated in *Packer* that "the statute was intended to give authorities some recourse against a driver who, after being stopped for a traffic citation, give [*sic*] the police officer a false name." 72 Or App at 679. The fact that a citation was not ultimately given, like the later acquittal in *Packer*, "does not diminish [the driver's] duty to provide the police with correct identification for investigation of a violation of the motor vehicle laws; the misuse statute is violated at the time the false information is given." 72 Or App at 679.

■ In this case, defendant was stopped for a violation of the motor vehicle laws; he was driving while suspended and the officer knew it.[3] He gave a false name in order to avoid responsibility. That is exactly the type of behavior that the statute was designed to discourage.

Affirmed.

---

[3] In addition, the arrest warrant was for failure to appear on an underlying violation of the motor vehicle law. Failing to appear on a traffic offense was, in and of itself, a motor vehicle law violation. *Former* ORS 484.330, *repealed by* Or Laws 1983, ch 338, § 978. Therefore, even if the officer had not stopped defendant for driving while suspended, but only because of the arrest warrant, he was still stopped "for violation of the motor vehicle laws."