Argued and submitted October 10, 1986, reversed and remanded for trial June 24, 1987

# STATE OF OREGON,
*Appellant,*

*v.*

# ROSS ALAN HORTON,
*Respondent.*

(8601-0073m; A40106)

738 P2d 609

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ronald L. Marek, Corvallis, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant is charged with driving while suspended. *Former* ORS 487.560; *now* ORS 811.175. The state appeals the trial court's order granting defendant's pretrial motion to suppress. We reverse.

The facts are taken from the trial court's findings. While on duty at Hoodoo Ski Area, Oregon State Police Cadet Markee saw defendant drive his vehicle into the parking area and park. He walked over to warn defendant of the Sno-Park Permit requirement, but defendant had left to purchase a permit. As Markee approached defendant's vehicle, he saw that the driver's door was open and that there was an open bottle of beer on the ground close to the side of the car. He also saw through the open door a "bong" (normally used for smoking marijuana) in plain view between the front seats. Markee picked up the beer, walked around the car and asked a passenger, Looney, if the beer was his. He said that it was. Defendant then arrived at the car with a parking permit. Markee asked defendant if the beer and "bong" were his. Defendant admitted that they were.

Looney handed the bong to Markee, who saw that it had been used. Markee then asked defendant if he had any marijuana, and defendant replied, "No." In response to Markee's statement that it would be easier to produce marijuana than to have him search the car, Looney handed him some marijuana which he had been carrying on his person. Markee then demanded identification from defendant and Looney. Defendant produced an I.D. card and Looney a driver's license. Markee took the identification and asked the parties if they would wait. He left but returned in 15 minutes and advised defendant that there was a problem with his driver's license. He requested that defendant wait for a state trooper to arrive. The trooper arrived about 40 minutes later and issued defendant a citation for driving while suspended.

■ ■ The issues in this case are whether the encounter between Markee and defendant was a "stop" and, if so, whether it was lawful. There are three generally recognized types of encounters between police and citizens: (1) an arrest based on probable cause; (2) a "stop," or temporary restraint of a person based on a reasonable suspicion that the person

has committed a crime, ORS 131.615(1), or based on the commission of a traffic infraction or violation in the officer's presence, ORS 810.410; ORS 153.110(3); ORS 133.072; and (3) mere conversation, which requires no justification. *State v. Painter,* 296 Or 422, 676 P2d 309 (1984), *State v. Warner,* 284 Or 147, 161, 585 P2d 681 (1978); *State v. Smith,* 73 Or App 287, 298 P2d 973 (1985). A "stop" occurs when the police restrain a person's liberty by physical force or a show of authority. *State v. Warner, supra,* 284 Or at 162. A person is "restrained" when, in view of all the circumstances, a reasonable person would have believed that he was not free to leave. *Terry v. Ohio,* 392 US 1, 86 S Ct 1868, 20 L Ed 2d 889 (1968); *State v. Spenst,* 62 Or App 755, 662 P2d 5, *rev den* 295 Or 447 (1983).

■ The question of whether a stop occurred must be determined in the light of the facts of each case. *State v. Kennedy,* 290 Or 493, 624 P2d 99 (1981). In this case, it occurred when Markee requested and retained defendant's identification to perform a records check. We conclude that the cadet's conduct constituted a show of authority sufficient to lead a reasonable person to believe that he was not free to leave. *State v. Smith, supra.*

■ We must next decide whether the stop was legally justified. When Markee observed defendant drive into the parking lot, he noticed that the required Sno-Park Permit was not displayed. Parking in a designated area without displaying a permit is an offense punishable by a fine of $10. ORS 811.590(4). Markee initially approached the vehicle to warn defendant of the need for the permit, which he was entitled to do. He observed the open bottle of beer on the ground beside the car from which defendant had just left. Driving with an "open container" is a Class B traffic infraction. ORS 811.170. Under these facts, Markee could reasonably conclude that defendant had committed an "open container" infraction in his presence. Therefore, he was entitled to detain defendant to ascertain his identity and to obtain other appropriate information.[1] ORS 810.410; ORS 153.110; *State v. Painter, supra.*

Reversed and remanded for trial.

---

[1] Because of our determination, we need not address the state's other contentions.