Argued and submitted April 29, 1987, affirmed May 18, 1988

# STATE OF OREGON,
*Appellant,*

*v.*

# MICHAEL TONY STARR,
*Respondent.*

(86P-3157; CA A41493)

754 P2d 618

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lawrence J. Hall, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant is charged with driving while suspended. ORS 811.175. The state appeals the court's order granting defendant's pretrial motion to suppress all evidence gained as a result of an allegedly unlawful stop. We affirm.

At approximately 3 a.m., Oregon State Police Officer Lushenka observed what appeared to be an abandoned car parked on the shoulder of Highway 22. He parked his police car behind it and checked the license number through the MVD computer to determine whether it was stolen; it was not. Defendant, who had been asleep, got out and stood by the car. Lushenka approached him and asked for his driver's license. Defendant testified that he gave his license to Lushenka, who kept it for five to ten minutes, and that he then drove away. Lushenka was not available to testify. His written report states, "I contacted him, and requested an ODL which he produced, and identified him as Mr. Starr." The report indicates that he did not run a MVD check until after defendant left. When he learned that defendant's license was suspended, he pursued him, stopped him about a mile away and arrested him for driving while suspended.

The trial court concluded that it was an unlawful stop when the officer first asked defendant for his driver's license, because he did not have a reasonable suspicion that defendant had committed a crime and did not observe defendant commit a traffic infraction. The court held that the information obtained as a result of that stop, including defendant's identity, be suppressed. The court also held that, because the information which formed the basis for reasonable suspicion for the second stop was obtained as a result of a direct and unbroken sequence of circumstances stemming from the first improper stop, all evidence gained from the second stop should also be suppressed.

The state argues that the first encounter between defendant and Lushenka was not a stop. There are three generally recognized types of encounters between police and a citizen: (1) an arrest based on probable cause; (2) a "stop" or temporary restraint of a person based on reasonable suspicion that the person had committed a crime, ORS 131.615(1), or based on the commission of a traffic infraction or violation in the officer's presence, ORS 810.410; ORS 153.110(3); ORS

133.072; and (3) mere conversation, which requires no justification. *State v. Painter,* 296 Or 422, 676 P2d 309 (1984); *State v. Warner,* 284 Or 147, 161, 585 P2d 681 (1978). A stop occurs when a police officer restrains a person's liberty by physical force or a show of authority. *State v. Warner, supra,* 284 Or at 162. A person is "restrained" when, in view of all the circumstances, a reasonable person would have believed that he was not free to leave. *Terry v. Ohio,* 392 US 1, 86 S Ct 1862, 26 L Ed 2d 889 (1968); *State v. Spenst,* 62 Or App 755, 662 P2d 5, *rev den* 295 Or 447 (1983).

■ The question of whether a stop occurred must be determined in the light of the particular facts of each case. *State v. Kennedy,* 290 Or 493, 624 P2d 99 (1981). The state contends that the officer's request for identification does not transform the encounter into a stop. Although a request for identification may not transform an encounter into a stop, Lushenka requested and *retained* defendant's license. This constituted a show of authority sufficient to lead a reasonable person to believe that he was not free to leave. *See State v. Painter, supra; State v. Horton,* 86 Or App 199, 738 P2d 609 (1987). Lushenka's action constituted an unlawful stop in violation of ORS 131.615. The trial court was correct in suppressing all the evidence.

■ The state also argues that, even if the officer's initial encounter with defendant was an illegal stop, suppression of defendant's identity, the suspension information and the subsequent stop was improper. The state contends that the officer was entitled to know defendant's name from the first encounter and that defendant had no right to withhold it. Defendant's identity, the state argues, gave the officer an independent source of information from which he would inevitably have discovered the status of defendant's driver's license. The problem with the state's argument is that defendant's identity was obtained as a result of the unlawful stop. Whether Lushenka could have obtained his identity through mere conversation is speculative. Under the circumstances, he did not have authority to compel defendant to do anything, including giving his name. *State v. Messer,* 71 Or App 506, 692 P2d 713 (1984).

The state relies on *State v. Brown,* 47 Or App 201, 613 P2d 1107 (1980), in which we held that a second arrest for

driving while suspended was proper, even though it was based on an officer's knowledge of the defendant's suspended license gained three weeks earlier from an illegal stop. We held that the second arrest was not subject to the fruit of the poisonous tree doctrine, because the officer would inevitably have gained the suspension information from an independent source, the Motor Vehicles Division. *State v. Brown, supra,* 47 Or App at 204. However, *Brown* is distinguishable, because the defendant there did not argue that his identity should be suppressed.

Affirmed.