Argued and submitted July 15, reversed in part; otherwise affirmed December 21, 1988

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL ANTHONY JOHNSON,
*Appellant.*

(DA 353077; CA A47338)

765 P2d 1249

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant seeks reversal of his conviction for giving false information to an officer for a citation. ORS 162.385. We reverse.

Defendant entered a convenience store and tried to purchase wine. The clerk refused to accept his identification. Defendant then started to leave. During the exchange, an Oregon Liquor Control Commission officer entered the store and stood nearby, while a second officer waited outside. The clerk signaled to the officer in the store, who stopped defendant, identified himself and "asked if he could see the identification that [defendant] showed the clerk." The two went outside, and defendant produced an Oregon resident identification card. The officer did not believe that it was valid and asked defendant for other identification. Defendant asked, "Well, what if I don't show you?" The officers responded that they would arrest him. He then showed his Oregon driver's license and admitted that he was 19 years old.

The officers cited him for attempting, as a person under 21, to purchase liquor, ORS 471.430, and misrepresentation of his age. ORS 165.805. He was never tried on the latter charge; instead he was tried and convicted on a complaint alleging the attempt to purchase and giving false information to a police officer. ORS 162.385.

The state contends that, when the officer asked defendant for identification, he handed over false identification, intending that it be used to establish a false birthdate. The state further points to defendant's testimony that he furnished other identification only after being threatened with arrest. ORS 165.805(1) provides:

"A person commits the crime of misrepresentation of age by a minor if:

"(a)    Being less than a certain, specified age, the person knowingly purports to be of any age other than the true age of the person with the intent of securing a right, benefit or privilege which by law is denied to persons under that certain, specified age * * *."

ORS 162.385(1) provides:

"A person commits the crime of giving false information to a peace officer for a citation if the person knowingly uses or

gives a false or fictitious name, address or date of birth to any peace officer *for the purpose of the officer's issuing or serving the person a citation* under authority of ORS 133.045 to 133.080, 133.110 and 156.050." (Emphasis supplied.)

The state produced no evidence that defendant knowingly used or gave false information to the officers for the purpose of their issuing the citation. The evidence is only that the officer specifically requested that defendant hand him the identification that he had shown to the store clerk. When directed to present other identification, he did. There was no evidence that he attempted to conceal his identity or to give a false name to avoid the citation.[1] The identification card was merely evidence of the attempt charge.

There was no evidence of intent to give the officers a false name or other false information "for a citation." Accordingly, the court erred in denying defendant's motion for acquittal. *See State v. Coon,* 88 Or App 362, 363, 744 P2d 1333 (1987).

Judgment of conviction for violation of ORS 162.385 reversed; otherwise affirmed.

---

[1] We note that the officers cited defendant for misrepresentation of his age rather than giving false information. That indicates that they did not then believe that he had attempted to mislead them in connection with issuing the citation.