## STATE OF OREGON,
*Respondent,*

*v.*

## RAUL GARZA,
*Appellant.*

(T104939; CA A61786)

801 P2d 860

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Wendy J. Paris, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

ROSSMAN, J.

Joseph, C. J., dissenting.

**ROSSMAN, J.**

Defendant appeals his conviction for providing false information to a police officer for a citation. ORS 162.385. We affirm.

Defendant was a passenger in a car that was lawfully stopped by an officer for erratic driving and suspicion of an open container violation. While one officer spoke with the driver, Officer Shroder approached the passenger side of the car. He saw two unopened cans of beer and one open bottle of beer on the floor in front of the passenger's seat, which was occupied by defendant. Shroder asked defendant to step out of the car. Then, in both English and Spanish, he asked for defendant's name, address and date of birth. He did not inform defendant that he intended to issue a citation. Defendant identified himself as "Jorge Guzman." Shroder observed defendant get back in the car, remove a wallet from his pocket and put it in the glove compartment. The officer retrieved the wallet and found that it contained photo identification disclosing defendant's true name, address and date of birth.

■ Defendant makes two assignments of error. The first is directed at the trial court's denial of his motion to suppress evidence obtained during the stop. Defendant claims that the officer lacked probable cause to believe that he had committed any traffic infraction, and thus the officer had no authority to detain him and request identification. He asserts that a *passenger* may not be cited for violating Oregon's open container law[1] unless the officer sees the passenger drinking in the car or holding the bottle. Because the officer saw neither, he could not have had probable cause to believe that defendant had violated the law.

In *State v. Horton,* 86 Or App 199, 738 P2d 609 (1987), a police officer observed a car pull into a parking lot.

---

[1] ORS 811.170 provides, in part:

"(1) A person commits the offense of violation of the open container law in a motor vehicle if the person * * *:

"(a) Drinks any alcoholic liquor in a motor vehicle when the vehicle is upon a highway.

"(b) Possesses on one's person, while in a motor vehicle upon a highway, any bottle, can or other receptacle containing any alcoholic liquor, which has been opened, or a seal broken, or the contents of which have been partially removed."

As he approached the car, the officer noticed that the driver's door was ajar and an open bottle of beer was lying on the ground next to it. From that evidence alone, we held that the officer could have reasonably concluded that the driver had committed an open container infraction, and thus the officer was entitled to detain him and request his identification. 86 Or App at 202. In the present case, seeing an open bottle beside defendant's feet was sufficient to give the officer probable cause to believe that defendant had committed an open container violation in his presence. Therefore, he was authorized to request defendant's identification. ORS 810.410.[2] The trial court did not err in denying defendant's motion to suppress.

Defendant's second assignment of error is directed at the denial of his motion for judgment of acquittal. He claims that there was insufficient evidence to support his conviction under ORS 162.385. That statute provides, in part:

"(1)   A person commits the crime of giving false information to a peace officer for a citation if the person *knowingly* uses or gives a false or fictitious name, address or date of birth to any peace officer *for the purpose of the officer's issuing or serving the person a citation* * * *." (Emphasis supplied.)

Defendant asserts that the state failed to show that he "knowingly used or gave a false or fictitious name to a police officer for the purpose of the officer issuing a citation." Defendant relies on *State v. Johnson,* 94 Or App 453, 765 P2d 1249 (1988), in which an officer told the defendant to hand him a specific piece of false identification with which the defendant had just attempted to purchase wine. The fact that the defendant produced the requested document was not evidence that he knowingly gave false information for the purpose of the officer issuing a citation. We held that the state had failed to show the requisite intent, because "[t]here was no

---

[2] ORS 810.410 provides, in part:

"(2)  A police·officer may issue a citation to a person for a traffic infraction * * * when the traffic infraction is committed in the police officer's presence.

"(3)  A police officer:

"* * * * *

"(b)  May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

evidence that [the defendant] attempted to conceal his identity or to give a false name to avoid the citation." 94 Or App at 456. In light of its significant factual differences, we do not find *Johnson* helpful to defendant's case.

In the absence of a confession or admission, there is generally no direct proof of a defendant's state of mind in a criminal case. Thus, the law allows a fact finder — be it jury or judge — to read the defendant's mind by considering what he says and does, in the light of the surrounding facts. This form of indirect proof, well known as *circumstantial evidence,* is abundantly present in this case, and defendant cannot escape its application.

■      Here, defendant was stopped with an open bottle of beer at his feet. He is chargeable with the knowledge that that was a violation for which he could be cited. He was asked to get out of the car and state his name, address and date of birth. He then gave false information and actively attempted to conceal a document that would reveal his true identity. Taken together, the evidence is sufficient to show that he knew a citation was forthcoming.[3] Defendant's attempt to avoid responsibility was "exactly the type of behavior that the statute was designed to discourage." *See State v. Jensen,* 79 Or App 112, 115, 717 P2d 1263 (1986).[4]

In reviewing a denied motion for acquittal, we examine the evidence in the light most favorable to the state, resolving all conflicts in its favor. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974). Applying that standard, we hold that a rational trier of fact could have concluded that defendant knowingly gave a false name for a citation.

Affirmed.

---

[3] Further, Officer Shroder did not need to inform defendant that he was collecting his identification for the purpose of issuing a citation, where his conduct was so clearly indicative of his intent to do so. At the conclusion of the court trial, the judge stated:

"Defendant certainly should have known that the officer was intending to write a citation. When he approached the car, defendant had an open container of alcohol apparently at his feet, and [the officer] started questioning [defendant], and then asked him his name and address, both in English and in Spanish. * * * For that reason, I'm convinced that he is guilty of that charge."

[4] Even if defendant did not know that a citation would be issued, he was not relieved of his duty to provide truthful information to a police officer who lawfully requested it. ORS 807.620; ORS 161.115(4).

**JOSEPH, C. J.,** concurring in part; dissenting in part.

I concur with the result, but not particularly with the reasoning, in denying defendant's motion to suppress. I dissent in respect to denial of the motion for acquittal.

Officer Shroder asked defendant to get out of the car. Without informing defendant that he intended to issue a citation, Shroder asked for his name and identification. Defendant gave Shroder a false name. It is unclear from the Uniform Traffic Citation and Complaint issued in this case whether defendant is charged with violating ORS 162.385 (giving false information to a police officer for a citation), ORS 807.620 (giving false information to a police officer who is enforcing the vehicle laws) or both. It is also unclear from the judgment what statute defendant was convicted for violating. At trial, the prosecution appeared to be trying him under ORS 870.620; defendant seemed to be defending a charge under ORS 162.385. At the end of the argument on defendant's motion for judgment of acquittal, the judge stated that he found defendant guilty of providing false information to a police officer for a citation. That is the only offense that concerns us on appeal.

The state argues that ORS 162.385 does not require particularized knowledge by a defendant that an officer is inquiring about his name for the purpose of issuing a citation in order to be guilty of that statute. That is wrong. *State v. Johnson,* 94 Or App 453, 765 P2d 1249 (1988). Defendant testified that the officer never informed him that he needed his identification for completing a citation. The officer also testified that he never advised defendant that he needed his identification for the purpose of issuing an open container citation. There was no evidence of defendant's having an intent to give the officer a false name "for a citation," and the court erred in denying defendant's motion for a judgment of acquittal. *State v. Johnson, supra.*

Warren and De Muniz, JJ., join in this opinion.