Argued and submitted November 30, 1992, reversed and remanded for new trial
March 10, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ROY LEE JAHA,
*Appellant.*

(DCR90-13961; CA A72595)

848 P2d 622

Richard L. Wolf, Oregon City, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

After a trial to the court, defendant was convicted of giving false information to a police officer for a citation. ORS 162.385. He appeals, assigning as error the court's denial of his motion for judgment of acquittal. We reverse.

After receiving a report of an apparent theft of gasoline in progress, Deputy Oxford went to the scene, where he encountered and stopped defendant. Shortly after, Deputy Zacher arrived and began interrogating defendant. In the course of that interrogation, defendant lied to Zacher about his name and date of birth. When Zacher determined defendant's true identity, he arrested him on some outstanding warrants and cited him for theft and a violation of ORS 162.385(1), which provides, in relevant part:

"A person commits the crime of giving false information to a peace officer for a citation if the person knowingly uses or gives a false or fictitious name, address or date of birth to any peace officer *for the purpose of the officer's issuing or serving the person a citation * * *.*" (Emphasis supplied.)

At the close of the state's evidence, defendant moved for a judgment of acquittal:

"Counsel: I move for a motion for judgment of acquittal, Your Honor. First as to the false information to a police officer. I think there is plenty of testimony he might give a false name and date of birth, but there's no evidence, in fact there's contrary evidence that he was doing it for the purpose of involving the issuance of a citation.

"*I agree that this is part of the interpretation of this statute.* The officer said it was in his mind that he was going to issue a citation. He never communicated it to my client. In fact, he probably communicated indirectly that he wasn't going to give him a citation; he was going to take him into custody because he tossed him into the police car.

"There's no reason to believe that he thought when he gave that false name that he was doing it because the officer was about to give him a citation for that.

"*The question is, does he have to know that? Well, if the statute was to be interpreted, giving a false name because the officer had some subjective interpretation or some subjective idea he was going to give a citation, then there would be no point in having any language about a citation in there*

*because the act itself would be simply giving false name to a police officer. That's how the statute would be written. And it's not written like that.*

"Mr. Jaha, I do not believe there's any information, gave the officer a false name with the knowledge that the officer was giving him a citation and using it for that purpose.

"So for that reason I move for judgment of acquittal to that particular charge." (Emphasis supplied.)

■ Generally, defendants make a motion for judgment of acquittal to assert that the evidence is insufficient to support a conviction when the elements of the crime are not in dispute. For example, in *State v. Garza*, 104 Or App 350, 801 P2d 860 (1990), *rev den* 311 Or 187 (1991), the defendant was also cited for a violation of ORS 162.385. He moved for judgment of acquittal, arguing that there was insufficient evidence that he knew that the officer was requesting his identification for the purpose of issuing a citation. We concluded that the court properly denied that motion, because the circumstantial evidence was "sufficient to show that he knew a citation was forthcoming." 104 Or App at 354. Because the issue was not raised, we did not address or decide whether the state had to prove that the defendant knew that the officer was requesting his identification for the purpose of issuing a citation. Nevertheless, a motion for judgment of acquittal may also be used when the elements of a crime are in dispute. In such a case, the motion raises the issues of what the elements of the crime are, and whether the evidence is sufficient as to those elements. Defendant's motion was of that type.

■ Unlike the defendant in *State v. Garza, supra*, defendant argued that he could not be convicted of violating ORS 162.385 unless the state proved that he knew that the officer wanted to know his name *for the purpose* of issuing a citation. Based on that interpretation, defendant also argued that the evidence was insufficient to prove that he acted with that knowledge. The court concluded:

"If you want to break down the statute, it says the person commits the crime of giving false information to a peace officer for a citation if the person knowingly uses or gives a false or fictitious name, address, date of birth to any peace officer.

"'* * * * *

"The way I read that is the person is giving information, the culpable mental intent being knowing it's false information. The reason the officer is gathering the information is for the officer to issue the citation. I don't see anywhere in there, in the statute or in the province [*sic*] inquiry I've been using on this particular offense, that there's an element that says that the defendant or person knew the purpose of gathering the information was for the issuance of a citation.

"For that reason I'll deny the motion for judgment of acquittal."

Under ORS 162.385, a defendant must act knowingly. However, it is unclear what elements of that offense that mental state applies to. That must be determined by consulting ORS 161.115(1), which provides:

"If a statute defining an offense prescribes a culpable mental state but does not specify the element to which it applies, the prescribed culpable mental state applies to each material element of the offense that necessarily requires a culpable mental state."

In *State v. Blanton*, 284 Or 591, 595, 588 P2d 28 (1978), the court noted that, under ORS 161.115(1), the only elements of offenses that *do not* necessarily require a culpable mental state are those that relate " 'solely to the statute of limitations, jurisdiction, venue and the like.' " None of the elements of ORS 162.385 relates solely to the statute of limitations, jurisdiction, venue or the like. Consequently, a defendant must act with knowledge of every element of the offense, including that the officer was requesting identification for the purpose of issuing a citation. The court erred in concluding otherwise.

Because the court concluded that the state did not have to prove defendant's knowledge, it did not consider whether that fact was proven. Consequently, defendant was convicted without the state having proved each element of the crime beyond a reasonable doubt. The court made an error of law. ORS 136.415; *see State v. Rainey*, 298 Or 459, 465, 693 P2d 635 (1984).

Reversed and remanded for new trial.