In the Matter of
King Richard Allen Gorger, a Minor Child.
STATE ex rel JUVENILE DEPARTMENT
OF WASHINGTON COUNTY,
*Respondent,*

*v.*

King Richard Allen GORGER,
*Appellant.*

(J93-0440; CA A83065)

902 P2d 129

Caryanne Conner argued the cause and filed the brief for appellant.

Stephanie S. Andrus, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Child appeals an order finding him to be within the jurisdiction of the juvenile court for having committed an act which, if done by adult, would constitute a crime. *Former* ORS 419.476(1)(a) (repealed by Or Laws 1993, ch 33, § 373). The trial court found that child gave false information to a police officer, as prohibited by ORS 162.385(1). On *de novo* review, we reverse.

■    On August 28, 1993, Portland police officer Nice contacted child during a curfew sweep of juveniles in downtown Portland. Nice asked child for his name and date of birth, because there would be no basis to take child into custody if he was not a minor. Child told Nice that his birth date was October 20, 1975. When Nice was unsuccessful in verifying that information, child told Nice that the birth year was 1977. Nice concluded that child was a juvenile and he was then "taken into custody for curfew violation and false info to police officer[.]"[1] On cross-examination, Nice testified that his intent was to take child into custody pursuant to a curfew violation, if he could verify a correct name and address.

*Former* ORS 419.476(1)(a) provided:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a)   Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city[.]"

---

[1] The curfew statute in effect was *former* ORS 419.710 (repealed by Or Laws 1993, ch 33, § 373), which provided:

"No minor shall be in or upon any street, highway, park, alley or other public place between the hours of 12 midnight and 4 a.m. of the following morning, unless:

"(1)   Such a minor is accompanied by a parent, guardian or other person 18 years of age or over and authorized by the parent or by law to have care and custody of the minor;

"(2)   Such minor is then engaged in a lawful pursuit or activity which requires the presence of the minor in such public places during the hours specified in this section; or

"(3)   The minor is emancipated pursuant to ORS 109.550 to 109.565."

ORS 162.385(1) provides:

> "A person commits the crime of giving false information to a peace officer *for a citation* if the person knowingly uses or gives a false or fictitious name, address or date of birth to any peace officer for the purpose of the officer's issuing or serving the person a citation under authority of ORS 133.045 to 133.080, 133.110 and 156.050." (Emphasis supplied.)

Child argues that he cannot commit the offense of giving false information to a police officer when the officer intended to take him into custody pursuant to curfew violations and did not intend to issue a citation.

■   The state does not dispute that the officer did not intend to issue a citation. It argues that ORS 162.385 was designed to discourage individuals from giving false information as a means of avoiding legal consequences for their actions, *State v. Jensen,* 79 Or App 112, 115, 717 P2d 1263 (1986), and, therefore, we should find that taking child into custody is sufficiently "akin" to issuing an adult a citation to find that child violated ORS 162.385. However, even if taking a child into custody were somehow analogous to issuing a citation,[2] the analogy does not assist the state. Proof that ORS 162.385(1) was violated includes proof of the element that the officer was requesting information for the purpose of issuing a citation. *State v. Jaha,* 118 Or App 497, 501, 848 P2d 622 (1993). The statute is not violated when the officer is requesting identification for the purpose of taking a child into custody for a curfew violation.

The state also argues that, if child were an adult, he could have been cited for violation of an analogous crime, *former* ORS 419.720 (repealed by Or Laws 1993, ch 33, § 373), which made it a misdemeanor for an adult to allow a child over whom he or she had control to violate the curfew statute. However, child is not an adult and could not allow

---

[2] *Former* ORS 419.760 (repealed by Or Laws 1993, ch 33, § 373) provided that any minor who violated curfew could "be taken into custody as provided in ORS 419.569[.]" *Former* ORS 419.569(1) (repealed by Or Laws 1993, ch 33, § 373) authorized temporary custody of a child, and *former* ORS 419.571(1) (repealed by Or Laws 1993, ch 33, § 373) provided that temporary custody was not to be deemed an arrest. *Former* ORS 419.569(2) provided that, in lieu of taking a child into custody, an officer could issue a citation to a child "for the same offenses and under the same circumstances that a citation may be issued to an adult." The state does not argue that an adult could be cited for a curfew violation.

himself to violate curfew. He could not violate *former* ORS 419.720.

The state did not prove beyond a reasonable doubt that child gave false information to the officer for the purpose of the officer's issuing a citation. The evidence does not support the jurisdictional finding required by *former* ORS 419.476(1)(a) that child committed an act that is a violation of state law.

Reversed.