Submitted July 29, reversed and remanded August 25, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID MURRAY ORMSBY,
aka David Murry Ormsby,
*Defendant-Appellant.*

Multnomah County Circuit Court
080833598; A141449

238 P3d 421

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

## HASELTON, P. J.

■ Defendant appeals a judgment of conviction for unauthorized use of a vehicle (Count 1), ORS 164.135, and giving false information to a peace officer for issuance or service of a citation (Count 3), ORS 162.385.[1] On appeal, he assigns error to the trial court's denial of his request for self-representation and to the denial of his motion for a judgment of acquittal (MJOA) on Count 3. A recitation of the facts would not benefit the bench, the bar, or the public. For the reasons explained below, we accept the state's concessions of error concerning both assignments of error. Accordingly, we reverse and remand.

"[B]ecause the relief for an erroneously denied MJOA—entry of a judgment of acquittal—is more complete than the remedy of remanding for a new trial[,]" *State v. Lavadores*, 230 Or App 163, 165 n 2, 214 P3d 86 (2009), we begin by addressing defendant's contention that the trial court erred in denying his MJOA as to Count 3. As pertinent to that count, ORS 162.385(1) provides, in part:

> "A person commits the crime of giving false information to a peace officer for issuance or service of a citation * * * if the person knowingly uses or gives a false or fictitious name, address or date of birth to any peace officer *for the purpose of*:
>
> "(a) *The officer's issuing or serving the person a citation* under authority of ORS 133.055 to 133.076 or ORS chapter 153[.]"

(Emphasis added.) Here, defendant moved for an MJOA, contending that the state had failed to adduce any evidence that, when defendant provided the officer with a false name and date of birth, defendant knew that the officer was issuing a citation. The trial court denied that motion without elaboration.

---

[1] In addition to Counts 1 and 3 described above, defendant was also indicted for possession of a stolen vehicle (Count 2), ORS 819.300, and first-degree theft (Count 4), ORS 164.055 (2007). Although, the jury found defendant guilty on Count 2, the trial court did not enter a conviction on that count. Instead, the court merged the jury's verdict on that count into the verdict for unauthorized use of a vehicle (Count 1) and entered a single conviction for unlawful use of a vehicle. Further, the judgment provides that Count 4 was dismissed.

The state concedes that the trial court erred in denying the MJOA:

> "In *State v. Jaha*, 118 Or App 497, 501, 848 P2d 622 (1993), this court held that, to prove that a defendant committed the crime of giving false information to a peace officer, the state needed to prove that the defendant knew that the officer was requesting identification for the purpose of issuing a citation. In this case, there was no evidence showing that, when defendant provided a false name to the police officer, defendant knew the officer was requesting information for the purpose of issuing a citation. Given this court's ruling in *Jaha*, the state concedes that the trial court erred by denying defendant's motion for a judgment of acquittal."

We agree with the state that *Jaha* is dispositive, and, consequently, accept its concession. Accordingly, we reverse the trial court's denial of defendant's MJOA as to Count 3.

■ Defendant also contends that the trial court erred in denying his request for self-representation. Specifically, defendant asserts that the trial court violated his federal and state constitutional rights to self-representation when the court "summarily denied [his] request to serve as his own counsel because of its concern that defendant did not have legal training."

Again, the state concedes that the trial court erred in denying defendant's request to proceed *pro se*, reasoning that

> "[t]he record in this case does not establish that defendant's waiver of counsel was unknowing or unintelligent, nor does it show that defendant's request to proceed *pro se* would have disrupted the proceedings. Under the cases cited above, [*Faretta v. California*, 422 US 806, 95 S Ct 2525, 45 L Ed 2d 562 (1975), *State v. Davis*, 110 Or App 358, 822 P2d 736 (1991), and *State v. Verna*, 9 Or App 620, 498 P2d 793 (1972),] the trial court's finding that defendant lacked the knowledge and skill to take his case to trial was not sufficient to deny defendant his constitutional right to represent himself. For those reasons, the state concedes that the trial court erred."

We agree and accept that concession as well founded. Accordingly, defendant is entitled to a new trial on Counts 1 and 2.

Reversed and remanded.