Argued and submitted May 24, affirmed September 13, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# THOMAS JACK TETRO,
*Appellant.*

(C 88-03-32501; CA A49927)

779 P2d 1080

Barbara J. Sams, Portland, argued the cause and filed the brief for appellant.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant appeals his conviction, after a trial to the court on stipulated facts, for possession of a controlled substance. ORS 475.992. He assigns as error the denial of his motion to suppress. We affirm.

Defendant and a companion were seated in defendant's parked car at about 2:30 a.m. in a "high drug activity area" of downtown Portland.[1] Defendant sat in the driver's seat, while his companion sat in the front passenger's seat. The car's dome light was on. Officer Justus drove up and parked behind defendant's car; he was alone, and there is no evidence that he turned on the overhead light or siren. Justus left his car and approached the driver's side of defendant's car on foot. As Justus was walking toward the car, defendant looked back and saw him; then "he quickly put his hand under the driver's seat and the passenger shoved something in his pocket," according to Justus. Defendant rolled down his window. Justus "asked them what they were doing and they said they were just talking." Next, he asked the passenger what he had put in his pocket. Justus testified that the passenger replied, " 'Nothing,' and he said, 'Go ahead and look if you want.' " Justus walked around to the passenger's side and asked the passenger to step out of the car. He reached into the passenger's pocket, where he found a "little baggie" containing less than an ounce of marijuana.

The passenger was asked to "stand back" with a second officer who had just arrived on the scene. Justus returned to the driver's side and asked defendant to get out of the car. Justus testified that he asked defendant whether he would agree to a search of his person and his car and that "he said go ahead." Under the seat where defendant had put his hands, Justus found a paperfold containing methamphetamine. He arrested defendant, searched the rest of the car, found an opaque cassette box also under the driver's seat, opened it and found more methamphetamine. Defendant argues that he was

---

[1] Most of the facts are undisputed. The trial court made extensive findings, all of which are supported by evidence. The trial court also expressly found that the officer was more credible than defendant. Accordingly, to the extent that defendant's testimony differs from that of the officer and the officer's testimony supports the trial court's other findings and conclusions, we accept the officer's version. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968).

stopped without reasonable suspicion, ORS 131.615, that he did not consent to the search, and that it was improper for the officer to open the paperfold and the opaque cassette box during the search.

There are three kinds of encounters between police and citizens: arrests, stops, and mere conversation. *State v. Warner,* 284 Or 147, 161, 585 P2d 681 (1978). A stop occurs when a police officer restrains a person's liberty by physical force or a show of authority. *State v. Kennedy,* 290 Or 493, 498, 624 P2d 99 (1981). "A person is 'restrained' when, in view of all the circumstances, a reasonable person would have believed that he was not free to leave." *State v. Horton,* 86 Or App 199, 202, 738 P2d 609 (1987).

■■ The first part of the encounter between Justus and defendant and his companion was "mere conversation," which required no justification. Justus simply approached the two, alone and on foot, and asked them what they were doing. He had not used an overhead light or siren on his car. There was no show of authority that would lead reasonable people to conclude that they were not free to leave. The next phase of the encounter was the officer's request that the passenger leave the car. That was not a stop, because it resulted from the passenger's express consent, rather than from a show of authority by the officer.[2]

■ Defendant was stopped when Justus asked him to step out of the car. At that point, Justus was not relying only on the late hour, the "high drug activity area," and the presence of two people sitting in a parked car with the dome light on, both of whom made furtive gestures when they noticed him. He also had discovered marijuana in the passenger's pocket, where he apparently had put it as the officer approached the car. That is, the marijuana was discovered in a place that matched the passenger's furtive gesture. All the facts, taken together, were sufficient to support a reasonable

---

[2] Defendant argues on appeal that the officer's detention of the passenger was a stop of both of them and that there was no reasonable suspicion as to him at that time. In the trial court, defendant argued only that the officer's initial conversation with defendant was a stop, which occurred without reasonable suspicion. We address both arguments, because defendant presented the issue of the validity of his stop to the trial court. ORAP 7.19(5); *State v. Hitz,* 307 Or 183, 188-89, 766 P2d 373 (1988).

suspicion that defendant had committed a crime. The stop was lawful.

■      The trial court found that the officer then asked defendant for permission to search, that defendant agreed, and that he was not being coerced. Evidence supports those findings. Accordingly, the trial court ruled that defendant voluntarily consented to the search of his person and his car. Under the totality of the circumstances, we agree.

■      Finally, defendant argues that there was no justification for the search of the paperfold and the opaque cassette box. The officer testified that, in his experience, drug users commonly wrap drugs in paperfolds. That knowledge, in conjunction with the other factors, gave him probable cause to believe that the paperfold contained a controlled substance; therefore, he could open it. *State v. McCrory,* 84 Or App 390, 734 P2d 359 (1987).

■      Defendant also disputes the officer's authority to search the opaque cassette box. The state argues that that search was justified incident to defendant's arrest and was supported by probable cause. *See State v. Gordon,* 71 Or App 321, 692 P2d 618 (1984), *rev den* 298 Or 705 (1985). Even if the evidence found in the box should have been suppressed, *State v. Ridderbush,* 71 Or App 418, 692 P2d 667 (1984), any error was harmless in this trial to the court on a single count, because of the methamphetamine that was properly found in the paperfold. *See State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987).

Affirmed.