Argued and submitted May 10, reversed and remanded September 8, 1993

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL TODD HERRIN,
*Respondent.*

(91C-21021; CA A74625)

858 P2d 921

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Catherine Dixon, Salem, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant was charged with two counts of possession of a controlled substance. ORS 475.992. Before trial, he moved to suppress evidence seized from the car that he was driving when the police stopped him. The trial court granted that motion, and the state appeals. ORS 138.060(3). We reverse.

Shortly after midnight on August 24, 1991, Officer Fuhrmann stopped defendant, because the car that defendant was driving had a loud muffler. Two passengers were riding with defendant in the front seat. Fuhrmann asked defendant for his driver's license. He produced an identification card, but indicated that his driver's license was suspended. Fuhrmann determined that it had been suspended for a felony offense. He arrested defendant for felony driving while suspended (DWS). ORS 811.182. Fuhrmann discovered that defendant was not the registered owner of the car, but defendant claimed that he was in the process of buying it.

Fuhrmann sought to determine whether he should release the car to either of defendant's passengers. He interviewed one passenger while Officer Staples, who had just arrived, interviewed the other. Both officers asked for identification, and both passengers gave false names. Fuhrmann asked the passenger he was interviewing if he could search her purse for identification. She consented, and poured the contents of her purse on top of a small vinyl folder on the front seat. Fuhrmann thought the folder looked like it might contain identification. He opened it and discovered her identification card bearing her true name, Lucinda Nove. The folder also contained several bindles of methamphetamine. Fuhrmann determined that there were two outstanding warrants for Nove's arrest. One was a felony warrant for possession of a controlled substance. Fuhrmann asked Nove where they had been going when he pulled them over. She indicated a nearby residence that Fuhrmann associated with methamphetamine drug activity. Staples obtained the other passenger's consent to search her purse, which contained syringes.

Fuhrmann believed that there were probably more controlled substances in the car, and decided to search it. He

unzipped a gray bag in the back seat and found a dozen syringes. He also found two plastic containers, one inside the other. The smaller one contained methamphetamine and drying materials. Fuhrmann then searched the trunk of the car. Inside a paper bag, he found a receipt for the drying materials.

Defendant moved to suppress the syringes found in the gray bag, the methamphetamine and drying materials found in the plastic containers, and the receipt found in the paper bag. The motion to suppress did not challenge the searches of the passengers' purses and of the small vinyl folder, and defendant makes no contention that those searches were invalid. He argues only that the subsequent search of the car was invalid.

■ We first consider whether that search was invalid on the ground that it exceeded the permissible scope of a stop for a traffic infraction. During a stop for a traffic infraction, a police officer may "detain a person * * * for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation." ORS 810.410(3). That statute

"defines the authority of the police to respond to a traffic infraction; by implication, the statute proscribes any further action by the police, including a search, unless it has some basis other than the traffic infraction." *State v. Porter*, 312 Or 112, 120, 817 P2d 1306 (1991).

While acting within the scope of ORS 810.410(3), Fuhrmann developed probable cause to believe that defendant had committed DWS, and arrested him. From that point forward, ORS 810.410(3) no longer limited Fuhrmann's actions; neither did it authorize them in this case.

■ We next consider whether Fuhrmann's actions after defendant's arrest had some basis other than the traffic infraction. We need not decide whether his interactions with defendant's passengers were legal, because defendant does not contend otherwise. He argues only that the search of the car following those interactions lacked justification.

The state argues that the search of the car was justified by the "automobile exception" to the warrant requirement. *State v. Brown*, 301 Or 268, 721 P2d 1357

(1986). *Brown* held that police may search a car without a warrant, if it is mobile when stopped and there is probable cause to believe that it contains seizable items. 301 Or at 276. The test is "whether a magistrate could issue a constitutionally sound search warrant based on the probable cause articulated by the officers." 301 Or at 276. The methamphetamine found in the folder, the syringes found in the purse, and the other information obtained prior to the challenged search, provided Fuhrmann probable cause to believe that more drugs would be found in the car.

Because the automobile exception justifies the warrantless search in this case, we need not address the state's other arguments.

Reversed and remanded.