Argued and submitted November 29, 1995, reversed and remanded for new trial February 21, petition for review denied July 23, 1996 (323 Or 691)

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT STEVEN FOSTER,
*Appellant.*

(CM94-20807; CA A86963)

912 P2d 377

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Paula Johnson Lawrence, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals from his conviction for possession of a controlled substance. ORS 475.992(4)(d). He assigns error to the trial court's denial of his motion to suppress evidence discovered following a routine traffic stop. We reverse.

On June 4, 1994, at approximately 1:55 a.m., defendant was a passenger in a car driven by Thompson. Officer Skinner stopped the car because it did not have a rear license plate light. Thompson did not have a driver's license and told Skinner that defendant owned the car. Skinner subsequently learned from the police dispatcher that Thompson's driver's license was suspended and that there was a warrant out for her arrest for a parole or probation violation on an underlying conviction of possession of controlled substances. Based on that information, Skinner arrested Thompson and placed her in the back seat of his patrol car.

Skinner then went to the passenger side of the car and asked defendant to get out; defendant complied. Skinner asked defendant if there were any drugs in the car and defendant replied that there were not. Skinner asked for permission to search the car and defendant "just kinda nodded" and said "yes, go ahead." Skinner placed defendant in handcuffs, assuring him that he was not under arrest and that the handcuffs were merely for officer safety. Skinner searched the rear seat of the car. There he found and opened the duffel bag and inside found a coffee pot that had some "white stuff" in the bottom. He then found a cloth bag that contained several hypodermic needles, a spoon and cotton swabs, and plastic baggies that contained a white powdery substance. Skinner arrested defendant for possession of controlled substances.

Before trial, defendant moved to suppress the evidence discovered during the search of the car. The trial court found that Skinner asked for defendant's consent to search the car because he was aware of Thompson's drug conviction and, relying on our opinion in *State v. Aguilar*, 126 Or App

22, 867 P2d 520 (1994),[1] denied defendant's motion to suppress. Following a trial on stipulated facts, defendant was found guilty of possessing a controlled substance.

■ On appeal, defendant contends that the trial court erred by not suppressing the evidence found during the search of his car, because once the traffic stop and the arrest of Thompson were complete, Skinner lacked authority to detain and question him further. The state agrees that the traffic stop ended with Thompson's arrest, but argues that "once an officer develops probable cause to arrest a suspect[,] ORS 810.410(3) no longer limits the officer's actions" and that defendant's consent was valid because Skinner's knowledge of Thompson's drug conviction gave him an independent basis for requesting the search. The state's argument is undermined by the Supreme Court's decision in *State v. Dominguez-Martinez*, 321 Or 206, 895 P2d 306 (1995).[2]

■ In *Dominguez-Martinez*, the court construed ORS 810.410(3)(b), which authorizes a police officer to

> "stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

The court held that an officer may investigate only the infraction that gave rise to the stop, unless the state can identify some independent basis to enlarge the scope of the investigation. *Dominguez-Martinez*, 321 Or at 212. In the absence of an independent basis, once the investigation for the traffic infraction has ended an officer lacks authority under ORS 810.410 to continue to detain and question the persons stopped for the traffic infraction. *Id.* In *Dominguez-Martinez*, the court held that evidence found as a result of a consent search after a stop for a traffic infraction should have been suppressed, because the officer's authority to

---

[1] *Aguilar* was reversed on appeal to the Supreme Court and remanded to us for reconsideration in the light of that court's ruling in *State v. Dominguez-Martinez*, 321 Or 206, 895 P2d 306 (1995). 321 Or 378, 899 P2d 690 (1995).

In our opinion on remand, 139 Or App 175, 912 P2d 379 (1996), we held that the police officer's questioning of the defendant about drugs and his request to search for drugs during a stop for a traffic infraction were impermissible.

[2] *Dominguez-Martinez* was decided on June 2, 1995. Defendant relies in part on that case in support of his assignment of error. The state's brief, dated September 12, 1995, does not mention or argue the effect of *Dominguez-Martinez* on this case.

detain and question the defendant and his passenger had dissipated and there was no other basis for the officer's actions.

**3.** In this case, the stop for the traffic infraction ended when Skinner arrested Thompson and placed her in the patrol car. *State v. Herrin*, 123 Or App 117, 120, 858 P2d 921 (1993), *rev allowed* 319 Or 80 (1994). At that point, Skinner needed a basis other than the traffic infraction to detain and question defendant. *Id.* The trial court's finding that, because Skinner was aware of Thompson's drug conviction he would have asked defendant for consent to search for drugs, does not provide a basis for Skinner to detain and question defendant.

The trial court erred in denying defendant's motion to suppress evidence discovered in the search of his car.

Reversed and remanded for new trial.