Argued and submitted February 27, affirmed December 17, 1997

# STATE OF OREGON,
## *Appellant,*

*v.*

# LAYNETTE TAYLOR,
## *Respondent.*

## (95CR1189; CA A90762)

950 P2d 930

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Mary M. Reese, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals from a pretrial suppression order excluding evidence obtained in a search conducted during a traffic stop. We conclude that the search violated ORS 810.410(3) and, therefore, that the trial court correctly suppressed the evidence.

The relevant facts found by the trial court are as follows. State Trooper Klepp was on patrol in Coos Bay when he saw a person driving a car that had a defective headlight, which is a traffic infraction. ORS 811.515; ORS 811.520. He stopped the car for the infraction. As Klepp approached the car, he noticed that defendant, who was in the back seat, appeared to be trying to hide something underneath the front seat. After obtaining the identification of the driver and the passengers, Klepp asked defendant if she would step out of the car.[1] After defendant got out, Klepp frisked her for weapons and found none. He then asked defendant if he could search her purse, which he could see on the floor of the car in front of where her feet had been. Defendant agreed. Inside the purse, Klepp found a syringe containing a red liquid residue that he believed was a controlled substance. Some time after obtaining defendant's consent to search her purse, he was notified by his dispatcher that there was a warrant for defendant's arrest for possession of a controlled substance.[2] He arrested defendant, advised her of her *Miranda* rights, searched her again and placed her in the back seat of his patrol car. He then took defendant to the Coos County Jail, where she told him that the syringe had contained methamphetamine and that she had shot up with it four days before her arrest.

Before trial, defendant moved to suppress the evidence of the syringe and her incriminating statements,

---

[1] Klepp testified that he did so because he was concerned for his safety. The trial court concluded that Klepp did not articulate sufficient objective facts to support a search based on concern for his safety, *see State v. Bates*, 304 Or 519, 524-27, 747 P2d 991 (1987), and the state does not challenge that conclusion.

[2] Klepp first testified that he received notice of the arrest warrant "at that same moment in time" that he found the syringe. He later testified that he received the information "a short period of time" after he had talked to defendant and asked to search her purse.

claiming that they were the product of an unlawful stop. The state argued that the existence of a warrant for defendant's arrest cleansed the evidence of any taint arising from what may have been an unlawful stop. In the alternative, the state argued that defendant had voluntarily consented to the search and that her consent was valid even if the stop was unlawful. The trial court concluded that the stop of defendant was unlawful, because Klepp had no reasonable suspicion that defendant had committed a crime and he had completed his inquiry about the traffic infraction before he asked defendant to get out of the car. The court further concluded that, because defendant's consent was the result of the unlawful stop, it was coerced under the circumstances.

The state contends that the court erred in suppressing the evidence because (1) defendant voluntarily consented to the search; (2) the existence of the arrest warrant cleansed the evidence of any taint that might have come from an unlawful stop; and (3) defendant was not "stopped." We address the third argument first, because its resolution affects our analysis of the other arguments.

The trial court concluded that the search of defendant was unlawful because the investigation of the traffic infraction had been resolved, and Klepp had no other, independent, reason to suspect defendant of having committed a crime. Under ORS 810.410(3)(b), a police officer

"[m]ay stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

The Supreme Court has held that ORS 810.410(3)(b) prohibits police officers who stop vehicles for traffic infractions from investigating anything other than the infractions unless they have an independent basis to expand the scope of the stop. *State v. Dominguez-Martinez*, 321 Or 206, 213, 895 P2d 306 (1995). Accordingly, any evidence that would not have been obtained "but for" the unlawful extension of the traffic investigation must be suppressed. *Id.* at 214.[3]

---

[3] In *Dominguez-Martinez*, the court strongly reaffirmed its earlier decision in *State v. Davis*, 295 Or 227, 236, 666 P2d 802 (1983), in which it had explained:

"[W]hen the object of the statute is to define the authority of officers to seize or to search a person or property * * * the court has drawn the logical

■ The state argues that the restrictions imposed by ORS 810.410(3)(b), as interpreted by *Dominguez-Martinez* and its progeny, do not apply to *passengers* in cars stopped for traffic infractions.[4] We disagree. Although some cases interpreting ORS 810.410(3)(b) have contained language that can be read so restrictively, there is nothing in the statute itself to support such a restrictive reading. Indeed, the codefendant in *Dominguez-Martinez* was the car's passenger, and it was the consent search of that passenger that was rejected by the Supreme Court. The court did not differentiate between the driver and the passenger when it discussed the statute, and our cases have applied the statute to drivers and passengers alike. *See, e.g., State v. Foster*, 139 Or App 303, 912 P2d 377, *rev den* 323 Or 691 (1996); *State v. Bucholz*, 114 Or App 624, 836 P2d 180 (1992).

■■ We conclude that a police officer has no authority to question or search passengers of a stopped vehicle after the officer has resolved the investigation of the infraction that led to the stop unless the officer is acting pursuant to an independent source of authority. The state has conceded that Klepp had no such independent authority. It follows that defendant's consent to the search of her purse does not make the search lawful, because the consent would not have been obtained had the officer complied with ORS 810.410(3)(b). *Dominguez-Martinez*, 321 Or at 214; *see also State v. Aguilar*, 139 Or App 175, 180, 912 P2d 379, *rev den* 323 Or 265 (1996) (without "some [independent] basis" that defendant had committed a crime, officer had no authority to request consent to search).

■ The state contends, however, that even if Klepp unlawfully obtained defendant's consent to the search, the evidence obtained as a result of that consent is nonetheless admissible because the existence of the outstanding warrant

consequence and has given effect to the statute by denying the state the use of evidence that it would not have secured if its officer had respected the rights that the statute was designed to protect."

[4] The state also argues that simply asking a passenger to get out of a car does not constitute a "stop" and cites certain past decisions by this court in support of that argument. *See, e.g., State v. Woods*, 134 Or App 53, 56-57, 894 P2d 511, *rev den* 321 Or 340 (1995); *State v. Tetro*, 98 Or App 492, 495, 779 P2d 1080 (1989). All that is clear from our past decisions is that what is or is not a "stop" is an issue of fact.

for defendant's arrest cleansed that evidence of any taint of the prior unlawful conduct. The state relies on *State v. Dempster*, 248 Or 404, 434 P2d 746 (1967), and related cases as support for that proposition. *See, e.g., State v. Snyder*, 72 Or App 359, 695 P2d 958, *rev den* 229 Or 251 (1985). That reliance is misplaced. In all of the cases cited by the state, the search at issue was conducted *after* the discovery of an outstanding warrant and the arrest of the defendant pursuant to that warrant. Therefore, even though the defendants in those cases had been unlawfully stopped or questioned, the searches at issue had been conducted as lawful searches incident to arrest. Here, the search took place *before* Klepp had any reason to believe that he had cause to arrest defendant. It was not a search incident to a lawful arrest but, rather, an unlawful search that preceded a lawful arrest.[5] Defendant's subsequent response to questioning, although made after her arrest and after she had received *Miranda* warnings, resulted from an exploitation of the unlawful search, because the questions and answers referred specifically to the syringe and were not questions directed to defendant's drug use in general or to the incidents leading to the underlying arrest warrant. For those reasons, we conclude that the trial court properly suppressed the evidence from the purse and defendant's statements about that evidence.

Affirmed.

---

[5] The state does not argue that the search was conducted as a search incident to a lawful arrest.