Argued and submitted July 23, 1997, reversed and remanded for new trial February 4, petition for review denied August 4, 1998 (327 Or 448)

STATE OF OREGON,
*Respondent,*

*v.*

YVONNE WRIGHT,
*Appellant.*

(95-06-35762; CA A92003)

954 P2d 809

Anne Morrison, Deputy Public Defender, argued the cause for appellant. On the brief were Sally L. Avera, Public Defender, and Eric M. Cumfer, Deputy Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge, Deits, Chief Judge,* and Haselton, Judge.

DE MUNIZ, P. J.

---

* Deits, C. J., *vice* Richardson, S. J.

## DE MUNIZ, P. J.

Defendant appeals her conviction for possession of a schedule II controlled substance. ORS 475.992 (1). We reverse.

The pertinent facts in this case are undisputed. Defendant was a passenger in a pick-up truck that was stopped in a driveway in southeast Portland by Portland Police Sergeant Larsen for failure to signal for a turn. A second police officer, Warren, arrived soon after the truck was stopped. Defendant was one of two passengers seated in the passenger compartment. Warren recognized the middle passenger and had seen defendant before. He asked defendant her name and birth date. Warren then ran a warrant check on defendant and learned that there were two "cite and release" animal control warrants for her. The dispatcher also informed Warren that there were more warrants on file and instructed him to stand by. Instead, Warren immediately placed defendant under arrest.

When defendant stepped out of the truck to be taken into custody, Warren noticed a black leather purse on a strap that was around defendant's shoulder. Warren removed the purse in order to handcuff defendant and inquired as to whether it contained guns or drugs. Defendant replied that it did not. Warren then asked defendant if she would consent to a search of the purse, and she assented. After Warren handcuffed defendant, he searched the purse. Inside the purse, he discovered a small coin purse. Warren opened the coin purse and found methamphetamine inside. He then read defendant her *Miranda* rights. There were, in fact, no outstanding arrest warrants for defendant.

The trial court denied defendant's motion to suppress the evidence, ruling that the police could ask defendant for identification during the traffic stop and that the "cite and release" warrant information that Warren obtained justified further investigation. Defendant assigns error to the court's refusal to suppress the evidence on several grounds. She argues that the police illegally exceeded the scope of the traffic stop, citing *State v. Dominguez-Martinez*, 321 Or 206, 895 P2d 306 (1995), that her arrest was illegal because there was

no outstanding arrest warrant, and that her consent to the search of her purse was invalid.

■ In *Dominguez-Martinez*, the Supreme Court held that "it is clear that, under ORS 810.410, a police officer has authority to stop a vehicle and detain the occupants in order to investigate a traffic infraction." *Id.* at 212. The court also held:

> "It is also clear, however, that an officer who stops a person for a traffic infraction may investigate only that infraction, unless the state can point to some basis other than the traffic infraction to broaden the scope of the investigation." *Id.*

The state contends that, because she was a passenger, defendant was not stopped in a legal sense and therefore ORS 810.410 does not apply to her. The state further argues that, under *State v. Underhill*, 120 Or App 584, 588-89, 853 P2d 847, *rev den* 318 Or 26 (1993), the officer's request for defendant's name did not expand the encounter into a stop under ORS 131.615. It also contends that, even if *Dominguez-Martinez* does apply, defendant has no valid objection to being asked for her name. Finally, the state asserts that Warren's knowledge that there were cite and release warrants out for defendant provided reasonable grounds to expand the traffic stop into a criminal investigation.

■ As to the state's first point, that because there was no legal stop of the passenger ORS 810.410 does not apply, the state misconstrues the purpose of the statute. The statute was not enacted to grant privacy rights; rather, it was intended to decriminalize routine traffic enforcement by restricting the authority of the police. The Supreme Court examined the legislative history of ORS 810.410 in *State v. Porter*, 312 Or 112, 116-20, 817 P2d 1306 (1991), and concluded that the legislature

> "sought to keep traffic infractions decriminalized and to *reduce the attendant law enforcement methods as much as necessary to accomplish that goal.*
>
> "* * * * *
>
> "ORS 810.410 (3) defines the authority of the police to respond to a traffic infraction; *by implication, the statute proscribes any further action by the police, including a*

*search, unless it has some basis other than the traffic infraction.*" (Emphasis supplied.)

ORS 810.410 limits the authority of a police officer at a traffic stop for the purpose of keeping the encounter outside the purview of a criminal investigation and avoiding the attendant procedural rights that would inhere to it.

On three previous occasions, this court has applied ORS 810.410 to cases where the defendant was a passenger in a car stopped for a traffic infraction and has suppressed evidence that was seized following a consent search. *State v. Taylor*, 151 Or App 687, 950 P2d 930 (1997) (affirmed suppression of evidence seized from passenger's purse following a consent search during a traffic stop because no independent basis to expand that stop existed); *State v. Foster*, 139 Or App 303, 912 P2d 377, *rev den* 323 Or 691 (1996) (evidence found as a result of a consent search of a passenger following a traffic stop where no independent basis to expand that stop existed must be suppressed); *State v. Bucholz*, 114 Or App 624, 836 P2d 180 (1992) (conviction for unlawful possession of methamphetamine reversed on the grounds that a police officer is forbidden as a matter of law from asking to search a passenger's backpack during a traffic stop under ORS 810.410).

■■ The state is correct that an officer may approach a citizen in the street and freely inquire as to the person's name. *See Underhill*, 120 Or App at 587-89. However, here, Warren's authority to inquire was under ORS 810.410 and, therefore, was limited to an investigation reasonably related to the traffic infraction, identification of the driver, and issuance of a citation. Thus, to ask defendant for her name, that information would have to be related to the investigation of the traffic infraction. It is not apparent from the nature of the infraction, failure to signal for a turn, that defendant's name was required as a potential witness or would otherwise be related in any way to the investigation of the infraction, and the state does not argue that it would. Warren's request for defendant's name exceeded the limited authority granted him under ORS 810.410. Because there was no independent reason permitting Warren to expand the scope of the investigation beyond the limitations imposed by ORS 810.410, his

request for defendant's name was unlawful. Obtaining defendant's name permitted the warrant check that led to defendant's arrest and Warren's request for defendant's consent to the search of her purse. Because Warren exceeded his authority under ORS 810.410, his subsequent request for defendant's consent to search her purse was unlawful. The trial court erred in denying defendant's motion to suppress evidence discovered in the search of her purse. *Dominguez-Martinez*, 321 Or at 214; *see also State v. Aguilar*, 139 Or App 175, 180, 912 P2d 379, *rev den* 323 Or 265 (1996) (absent "some [independent] basis" that defendant had committed a crime, officer had no authority to request consent to search).

Reversed and remanded for new trial.