Argued and submitted May 29, affirmed September 2, 1998

# STATE OF OREGON,
## *Respondent,*

*v.*

# HARLEY JOSEPH McCOY,
## *Appellant.*

## (10-95-11203; CA A95725)

964 P2d 309

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals from his conviction for possession of a controlled substance.[1] He argues that the trial court erred in denying his motion to suppress evidence found as a result of a search of a coat that was in his possession at the arrest. We affirm.

The arresting officer testified to the following facts at the suppression hearing.[2] At approximately 11:30 p.m. on March 6, 1996, Officer Frambes was patrolling in a marked car in the area of Fourth and Main Streets in Springfield. Frambes had worked as an undercover officer in that area in the past and was aware that drug activity, particularly the sale of methamphetamine, commonly occurred there. Frambes had been a police officer for 11 years and for two years had served on an interagency narcotics enforcement team. Over the years, he had come in contact with many methamphetamine users.

As Frambes began to drive around a corner, a pickup "darted" in front of his patrol car. The pickup turned the corner in what Frambes considered to be an attempt to elude him. By the time that Frambes turned the corner, the pickup had been parked and there was no one inside. Frambes saw a passerby and asked him if he had seen who was driving the pickup. The passerby pointed at defendant, who was walking toward an apartment on the other side of the street. Frambes approached defendant and asked to see his identification.

After defendant gave Frambes his identification, Frambes contacted the police dispatcher, who informed him that there was an outstanding warrant for defendant's arrest for possession of a Schedule 2 controlled substance. In Frambes' experience, such warrants were for possession of either amphetamine or methamphetamine. Frambes thought that he recognized defendant, but he was not sure of the context. He noticed that defendant was unkempt and was

---

[1] Defendant was convicted on two counts of possession of a controlled substance. He appeals only the conviction on the second count.

[2] The trial court found the officer's testimony to be truthful and further noted that there was no evidence offered to contradict that testimony.

missing teeth. Frambes testified that missing teeth were an indicator of long-time use of methamphetamine.[3] Frambes also noted that defendant was acting "fidgety" and appeared to be under the influence of methamphetamine.

Frambes informed defendant that he was going to take him into custody. Defendant was holding a coat that he appeared to have been wearing, and he asked if he could give it to a woman who was standing outside the apartment that he had been approaching. It was a cold night, and Frambes thought it suspicious that defendant would want to give up his coat. He told defendant that he wanted to search the coat because he believed that it contained drugs or syringes.[4] Frambes took the coat and in the pockets found several small plastic bags with methamphetamine residue, syringes, a spoon and a small vial of water.

The trial court concluded that Frambes did not have probable cause to arrest defendant for the crime of possession of a controlled substance and that the search of the coat could not be supported as a search incident to arrest. The court further concluded, however, that the existence of the arrest warrant for the earlier possession offense gave Frambes authority to search the coat. For that reason, the court denied defendant's motion to suppress.

Defendant argues that Frambes had no authority to search the coat. Specifically, he contends that, because he was arrested on an outstanding warrant, there was no reason for Frambes to believe that a search of the coat would reveal evidence of the crime for which he was arresting defendant. Although he concedes that Frambes had authority to pat him down as part of taking him into custody, he argues that that

---

[3] Frambes related this testimony back to testimony provided earlier in the hearing by another police officer, who was testifying about the circumstances surrounding the first count of the indictment against defendant. That officer stated that "prolonged methamphetamine use deteriorates the teeth, and they fall out and decay."

[4] The officer testified,

"And I was frankly toying with Mr. McCoy. And I said to Mr. McCoy, Harley, I'll bet my badge that you have drugs or syringes in that coat right there. And I told him I was going to stop him right there. * * * And I told him from his—again from his behavior, his demeanor, that I—I said, Harley, I know that you have drugs or syringes in that coat."

authority did not extend to the coat he was holding. He further argues that Frambes could not rely on any other exception to the warrant requirement, such as officer safety or inevitable discovery, because Frambes specifically stated that he was searching the coat for drugs and drug paraphernalia and because the record does not establish that Frambes feared for his safety or that the drugs inevitably would have been discovered. We need not reach those arguments, however, because we conclude that, apart from the outstanding warrant, Frambes had probable cause to arrest defendant for possession of a controlled substance and that the search of the coat for evidence of that crime was a valid search incident to arrest.

■ Before reaching the issue of the search, we must address defendant's argument that the search was tainted because it resulted from an illegal stop. Assuming without deciding that Frambes had no probable cause or reasonable suspicion to stop defendant, any taint from that illegal stop was dissipated by Frambes' discovery of the outstanding warrant for defendant's arrest. *See State v. Dempster*, 248 Or 404, 407, 434 P2d 746 (1967). Because the search did not occur until after Frambes had learned of the warrant, the stop did not taint the search. *See State v. Snyder*, 72 Or App 359, 364, 695 P2d 958 (1985); *compare State v. Taylor*, 151 Or App 687, 692, 950 P2d 930 (1997) (because outstanding warrant was not discovered until after search of defendant's purse, search was tainted by illegal stop). Therefore, the only issue is whether the search itself was legal.

> "Determination of the legality of searches and seizures depends largely on the facts of each case. * * * What actually happened is a question of fact for the trial court. A trial court's findings of historical fact are binding on appellate courts if there is constitutionally sufficient evidence in the record to support those findings. * * * Our function is to decide whether the trial court applied legal principles correctly to those facts."

*State v. Ehly*, 317 Or 66, 74-75, 854 P2d 421 (1993) (citations omitted).

■ Under Article I, section 9, of the Oregon Constitution, if, during the course of an arrest, a police officer has

probable cause to believe that a second crime has been committed, the officer may conduct a search incident to arrest for that crime even though the officer has not yet made a formal arrest on the second charge. *State v. Askay*, 96 Or App 563, 566-67, 773 P2d 785 (1989).[5] A search incident to arrest constitutes an exception to the warrant requirement when it is conducted to protect an officer or to preserve evidence or when it is related to the crime for which the arrest was made and is reasonable in time, scope and manner. *Id.* at 566. Probable cause means that there is a substantial objective basis for believing that, more likely than not, an offense has been committed and that the person to be arrested committed it. ORS 131.005(11). An officer must subjectively believe that a crime has been committed and that belief must be reasonable under the circumstances. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986).

The test for probable cause is one of the totality of the circumstances and not of isolated facts. *State v. Cole/Hood*, 87 Or App 93, 97, 741 P2d 525 (1987). Although a lay person might not find a particular fact to be significant, an officer with training and experience could find it to be incriminating, especially when evaluated in conjunction with other facts. *Id.*; *see also State v. Martin*, 327 Or 17, 956 P2d 956 (1998) (officer's "observations and conclusions filtered through the lens of his experience" shown to be objectively reasonable). In this case, Frambes, who had considerable experience in investigating drug crimes, was on patrol in an area known for drug trafficking; defendant's appearance indicated both long-term methamphetamine use and current methamphetamine intoxication; defendant was wanted for possession of a Schedule 2 controlled substance, which in

---

[5] In *State v. Askay*, officers had responded to a domestic violence report. When they arrived at the defendant's home, they saw the defendant hand a package to the victim, which she then put in her coat pocket. When the officers took defendant into custody on the domestic violence count, they discovered syringes in his pocket. The officers then took the package from the victim's pocket and discovered that it contained methamphetamine. Although the trial court concluded that the defendant had abandoned the bag, this court on appeal concluded that the combination of the syringes in the defendant's pocket and his attempt to conceal the bag were sufficient to establish probable cause to arrest him for possession of a controlled substance, so that the search was a valid search incident to arrest.

Frambes' experience always meant amphetamine or methamphetamine; and defendant appeared anxious to dispose of the coat in his possession, even though it was a cold night. Frambes testified that he "was absolutely positive there [were] drugs in that coat." We conclude that, under the totality of the circumstances, an officer with Frambes' training and experience would have a substantial objective basis to conclude that defendant was currently in possession of a controlled substance and that a search of the coat would reveal evidence of that crime. Accordingly, the search of the coat was a lawful search incident to arrest. *See State v. Caraher*, 293 Or 741, 759, 653 P2d 942 (1982).

Affirmed.