Argued and submitted July 29, 1998, affirmed January 13, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## TONYIA MARIE HANEY,
aka Tonia Marie Haney,
*Appellant.*

(C9610-37585; CA A96525)

973 P2d 359

Eric Johansen, Deputy Public Defender, argued the cause for appellant. With him on the opening brief was Sally L.

Avera, Public Defender. With him on the reply brief was Diane L. Alessi, Interim Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Defendant appeals her conviction for possession of a schedule II controlled substance. ORS 475.992 (4). We affirm.

Following the trial court's denial of defendant's motion to suppress evidence, defendant was convicted in a bench trial on stipulated facts. At 3:00 a.m. on October 15, 1996, Portland Police Bureau Officer Francis observed a truck with three occupants stop at what he believed was a "meth house." One occupant entered the house and returned five to ten minutes later. Francis followed the truck and pulled it over a few blocks later for having a defective license plate light. As he approached the truck on the driver's side, he observed the driver reach under the bench seat, which Francis testified led him to believe a weapon might be there. During Francis' conversation with the driver, both the driver and a male passenger attempted to reach under the bench seat despite repeated warnings. When the driver failed to produce proof of insurance, Francis informed him that the vehicle would be towed and impounded and that Francis would inventory the vehicle for valuables. By then, two cover officers were on the scene, at the passenger's side of the vehicle. Francis ordered all three occupants out of the truck. Francis testified that, in addition to his concern about the furtive movements of the male passengers, in his experience, persons who frequented drug houses often carried weapons.

Once the passengers were on the sidewalk, Francis asked defendant, who had been seated between the two male passengers, if he could search her purse for weapons. She consented, and, during the search, Francis found a small case designed to contain a lipstick tube.[1] He testified that, in his experience, the case could have contained a dagger or other dangerous weapon. Francis asked defendant for permission to search the lipstick case, and, after some hesitation, defendant consented. Inside the lipstick case, Francis discovered a

---

[1] The officer described the case as a "lipstick container box, the dimensions of which would be in diameter about one to one-and-a-half inches and length, somewhere between two and four inches, a little bigger than a lipstick tube, fairly circular, but flat on one side[.]"

plastic bindle of crystallized methamphetamine. He then arrested defendant.

Defendant assigns error to the court's refusal to suppress the methamphetamine found inside the lipstick case. She argues that (1) the police illegally exceeded the scope of the traffic stop; (2) the search of her purse and lipstick case was illegal because the officer had no probable cause or reasonable suspicion that she had committed a crime; and (3) the search was illegal because the officer had no reasonable suspicion that she was armed and dangerous.

■     Defendant argues that the trial court erred in holding that ORS 810.410 did not apply to passengers. The state concedes that the defendant probably would have been correct had this been the trial court's ruling but argues that defendant misinterprets the trial court's findings. We agree with defendant that the trial court's ruling that ORS 810.410 was not violated was premised on its holding that the statute does not apply to passengers. That ruling was incorrect. *State v. Wright*, 152 Or App 282, 286, 954 P2d 809, *rev den* 327 Or 448 (1998).

However, as the state argues, the court's mistake about the scope of the statute does not necessarily mean that the statute was violated. We have previously held that a police officer may ask a stopped motorist if he or she has a weapon if the state can point to some basis other than the traffic infraction to broaden the scope of the investigation. *See State v. Peterson*, 143 Or App 505, 511, 923 P2d 1340 (1996), *rev den* 327 Or 521 (1998) (listing cases). Here, Francis testified that the other two passengers repeatedly reached under the bench seat, making furtive movements that, in his experience, indicated that weapons were possibly underneath the seat. He also testified that the lipstick case that he found in defendant's purse could have concealed a dagger or other dangerous weapon. The trial court concluded that Francis' request for consent to search defendant's purse was justified on officer safety grounds because there were three suspects and three officers, it was night time, and two of the passengers in the truck had been reluctant to follow the officers' instructions.

"An officer safety inquiry or frisk in the course of a traffic stop does not violate ORS 810.410(3)(b), so long as that

inquiry or frisk is justified by reasonable suspicion as prescribed in [*State v.*] *Bates*, [304 Or 519, 524, 747 P2d 991 (1987)]." *State v. Senn*, 145 Or App 538, 542, 930 P2d 874 (1996). We agree with the state that ORS 810.410 was not violated by Francis' request to search defendant's purse.

██ Under *Bates*, an officer "must be allowed considerable latitude to take safety precautions in such circumstances * * * as they reasonably appeared at the time." 304 Or at 524-25. All that is required is that an officer develop "a reasonable suspicion, based upon specific and articulable facts, that the citizen might pose an immediate threat of serious physical injury" to the officer or others present. *Id.* at 524. Here, the trial court found that Francis' belief that defendant's lipstick case might contain a dagger or other dangerous weapon was reasonable. We agree.

> " '[R]easonableness' under *Bates* necessarily requires consideration both of the nature and extent of the perceived danger and of the degree of intrusion or restraint resulting from the officer's conduct, keeping in mind that we are not to 'uncharitably second-guess' the split-second decisions of officers working under dangerous, potentially deadly, circumstances." *State v. Rickard*, 150 Or App 517, 526, 947 P2d 215, *rev den* 326 Or 234 (1997) (citation omitted).

Francis had specific and articulable facts that prompted him to request defendant's consent to search her purse for weapons. Under the totality of the circumstances and the deference to officer safety required by *Bates* and *Rickard,* we hold that it was reasonable for the officer to ask defendant for consent to search her purse for weapons and subsequently to seek defendant's permission to search the lipstick case for a weapon. Because Francis had an independent reason to expand the scope of the traffic investigation, there was no violation of ORS 810.410.[2] The trial court did not err in denying defendant's motion to suppress the evidence.

Affirmed.

---

[2] Because we hold that there was no violation of ORS 810.410, we need not address the state's argument that, under Senate Bill 936, the evidence should not be excluded even if a violation of ORS 810.410 occurred.