Argued and submitted May 29, 1998, vacated and remanded October 13, 1999

# STATE OF OREGON,
*Appellant,*

*v.*

# ERIC LEE PRESLEY,
*Respondent.*

(96-05-33796; CA A95653)

988 P2d 918

Rolf C. Moan, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Irene B. Taylor, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

PER CURIAM

---

* Deits, C. J., *vice* Warren, P. J., retired.

## PER CURIAM

The state appeals from a pretrial order that suppressed evidence on the ground that it was obtained in violation of ORS 810.410(3)(b). Since the entry of the suppression order, the legislature has adopted ORS 136.432, which provides that relevant and otherwise admissible evidence shall not be excluded from criminal trials unless its exclusion is required by the state or federal constitutions, certain rules of evidence, or the rights of the press. The legislature made ORS 136.432 applicable to cases pending on or commenced after December 5, 1996, which makes it applicable to this case.

■ Defendant challenges the application of ORS 136.432 to this case on constitutional grounds that we addressed and rejected in *State v. Fugate*, 154 Or App 643, 963 P2d 606, *modified* 156 Or App 609, 969 P2d 395 (1998), *rev allowed* 328 Or 275 (1999). We adhere to our decision in that case.

■ Defendant argues that, even if ORS 136.432 applies, the evidence at issue still should be suppressed because it was obtained in violation of the state and federal constitutions. There is conflicting testimony about the events that led to the seizure of the disputed evidence, so we are not in a position to decide the constitutional issues involving the seizure without appropriate findings by the trial court on the facts. We therefore vacate the suppression order and remand the case to the trial court to address defendant's arguments about the constitutionality of the seizure of the disputed evidence.

Vacated and remanded.